## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEVI A. BENSON, | Case No. 4:25-cv-00573-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JUDGE MURRY JAMES, BRIAN KAY MURRY, STATE OF IDAHO, ADA COUNTY COURTHOUSE, TRENT TRIPPLE, and GOVERNOR LITTLE, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Levi A. Benson has three filings before the Court: an application to proceed without prepayment of fees,[1] a proposed complaint,[2] and a motion for default judgment. For the reasons explained below, the Court will grant Benson's application but will dismiss his complaint and deny his motion for default judgment.

_____

[1] Benson filed two additional applications to proceed without prepayment of fees, (Dkts. 4, 7) but he did not provide any meaningful alterations to his original application.

[2] Plaintiff amended his complaint to add as Defendants the State of Idaho and Ada County Courthouse. *See Amended Compl.*, Dkt. 6. But he did not otherwise alter his original complaint, so the Court will address Benson's original complaint in this decision unless otherwise noted.

## ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id.* The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a complaint if the applicant, among other things, fails to state a claim that could result in the granting of relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies [in forma pauperis] status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226, n.5 (9th Cir. 1984). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

<u>The Application</u>

In evaluating the application to proceed without prepayment of fees, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay. *Clark v. Commissioner of Social Security*, 2022 WL 1271005, at *1 (E.D. Cal. Apr. 28, 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). In Benson's application, he does not indicate that anyone relies on him for support. *Appl*. ¶ 8, Dkt. 1 at 5. The poverty level for a single person according to the Guidelines is $15,650. *HHS Poverty Guidelines for 2025*.[3]

In his application, Benson noted that over the past twelve months, he earned $150 per month through self-employment and that he received $291 per month in public assistance. *Appl*. ¶ 1, Dkt. 1 at 2. He also stated that his "gross monthly pay" from his employer is $350. *Appl*. ¶ 2, Dkt. 1 at 2. Despite this, he indicated that the average monthly amount of money he received from his employment in the past twelve months was $12,500. *Appl*. ¶ 1, Dkt. 1 at 2. Assuming Benson incorrectly stated his average monthly employment income for the past twelve months, as $12,500 is completely inconsistent with the other figures in his application, his

---

[3] The HHS Poverty Guidelines for 2025 are available at
https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf.

average monthly income, including $350 per month from employment during the twelve months preceding his application, was $791.[4] *See Appl.* ¶ 1, Dkt. 1 at 2. He thus received roughly $9,492 for the year prior to filing his application, which is below the poverty level of $15,650 for an individual. The Court therefore concludes that Benson cannot afford to pay any filing fees for this action at this time and GRANTS his motion for leave to file without paying those fees. *See* 28 U.S.C. § 1915(a)(1).

<u>The Complaint</u>

In Benson's complaint, he appears to raise causes of action against Defendants under the Idaho Consumer Protection Act, Idaho Code § 48-603(5), (8), (17), and (19)(a) and (b).[5] *Compl.*, Dkt. 2 at 11-12. However, Benson has not established that this Court has jurisdiction to consider these claims. Federal courts have limited jurisdiction, and it is the plaintiff's burden to establish that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Benson does not address the Court's jurisdiction in his complaint, other than by appearing to check a box indicating that the U.S. Government is a defendant. *Civil Cover Sheet*, Dkt. 2-1. But Benson does not identify the U.S.

---

[4] Benson does not appear to have anything more than negligible amounts of money in his bank accounts either. *See* Appl. ¶ 4, Dkt. 1 at 3; Dkt. 5.

[5] Along with his complaint, Benson appears to have filed several documents from a similar case he filed in state court. *Compl.*, Dkt. 2 at 6-10, 13-14; Dkt. 2-2. This decision is rendered independent of any state court proceedings Benson may have initiated.

Government as a defendant anywhere in the Complaint or in his Amended Complaint. *See Compl.*, Dkt. 2; *Amended Compl.*, Dkt. 6. Rather, Benson appears to sue the State of Idaho, an Idaho state court, and Idaho state court personnel without stating how doing so establishes that this Court has jurisdiction over his claims. *See Compl.*, Dkt. 2; *Amended Compl.*, Dkt. 6. The Court thus finds that Benson has failed to establish that the Court has jurisdiction over his claims.

Furthermore, Benson also fails to state a claim for which relief can be granted. His claims appear to stem from his attempt to obtain copies of documents from an Idaho state court. *See Compl.*, Dkt. 2 at 11-12. He asserts that Idaho state court personnel charged him $1 per page for those copies. *See Compl.*, Dkt. 2 at 11-12. He then claims that this charge violates federal law, which sets the rate to be charged for copies of documents in federal district court at $.50 per page.[6] *See Compl.*, Dkt. 2 at 11; *District Corut Miscellaneous Fee Schedule*, available at https://www.uscourts.gov/court-programs/fees/district-court-miscellaneous-fee-schedule. He also claims that Defendants violated portions of the Idaho Consumer Protection Act by falsely representing that services have approval, by engaging in false or deceptive practices, and by taking advantage of a disaster or emergency to

---

[6] Benson did not note his intention to sue in federal court based on federal question jurisdiction arising from a purported violation of the federal district court fee schedule, but hypothetically, even if he did intend to do so and the Court were to find that such jurisdiction exists, the Court would still dismiss Benson's Complaint because of his failure to state a claim for which relief can be granted.

charge excessive prices. *See Compl.*, Dkt. 2 at 11-12.

Benson, however, fails to appreciate that he sought copies of documents in Idaho state court, not in federal district court. *See Compl.*, Dkt. 2 at 11. The provision he cites governing the amount of money charged for copies of documents in federal district court therefore does not apply here. Moreover, Idaho has a state law requiring Idaho state court personnel to charge $1 per page for copies, the very price Benson states he was charged. Idaho Code § 31-3201(1) ("The clerk of the district court shall lawfully charge, demand and receive the following fees . . . [f]or making copy of any file or record, per page . . . $1.00."); *see Compl.*, Dkt. 2 at 11. Benson does not identify any legal provision that permits him to sue Idaho state court personnel for complying with this state law. And because his claims under the Idaho Consumer Protection Act are premised on false representation, deceptive practices, and the charging of excessive prices arising from court personnel complying with state law, there is no basis for any of those claims. He thus fails to state a claim for which relief can be granted, so the Court will dismiss each of the causes of action he raises in his complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193. Benson cannot fix the flaws in his claims by amendment because they are premised on his failure to realize that Idaho state court personnel were complying with state law, so his claims will be dismissed with prejudice. *See Wheeler v. Ramirez,* 2020 WL 3619008, at *1 (D.

Idaho July 2, 2020).

<u>The Motion for Default Judgment</u>

Benson also filed a motion for default judgment. *Mot. for Default Judgment*, Dkt. 8. In it, he argued that his application to proceed with his case without prepayment of filing fees should be granted because no response to that application was filed by November 25, 2025. *Mot. for Default Judgment*, Dkt. 8. Because the Court will grant Benson's application, the motion for default judgment is denied.

## ORDER

**IT IS ORDERED that:**

1.  Plaintiff's applications for leave to proceed in forma pauperis (Dkts. 1, 4, 7) are **GRANTED**.

2.  Plaintiff's Complaint and Amended Complaint (Dkts. 2, 6) are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  Plaintiff's Motion for Default Judgment (Dkt. 8) is **DENIED**.

4.  The Clerk is directed close this case.

DATED: January 2, 2026

B. Lynn Winmill
U.S. District Court Judge